NO. 07-97-0347-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 22, 1999

_____

RONNIE FREEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-422758; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., JOHNSON, J., and REYNOLDS, SJ.*

ON ABATEMENT AND REMAND

On July 17, 1997, appellant Ronnie Freeman was found guilty of the offense of murder in the first degree and his punishment was assessed at life confinement in the Institutional Division of the Department of Criminal Justice. From this conviction, he gave timely notice of appeal.

_____

*Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

We have received the clerk's and reporter's records in this case. However, we have never received an appellant's brief. On July 21, 1998, this appeal was abated and the cause remanded to the trial court for a determination as to the status of the appeal and, if appellant still desired to continue his appeal, to determine if other steps, such as the appointment of an appellate attorney, needed to be taken to ensure the diligent prosecution of the appeal.

In compliance with our abatement order of July 21, 1998, the trial court held a hearing on the matter. At that hearing, it determined that appellant still desired to pursue his appeal. It also determined that Mike Brown had been appointed to represent appellant on the appeal and Brown confirmed the appointment. At the time of the hearing, the appellate attorney informed the trial court that he had read the record and was prepared to complete the appellate brief promptly. This court received and granted motions for extension of time with the last such extension of time expiring on May 20, 1999. Since that time, we have not received an appellate brief nor have we received any other motion for extension of time within which to file a brief.

That sequence of events again requires us to call for a hearing as provided in Texas Rule of Appellate Procedure 38.8(b). Accordingly, this appeal is abated and the cause is remanded to the 140th District Court of Lubbock County.

Upon remand, the judge of the trial court shall immediately cause notice to be given of, and to conduct, a hearing to determine whether:

1. Appellant has abandoned his appeal.

In the event appellant still desires to prosecute his appeal, the trial court shall further determine whether:

2. Appellant is still indigent, and if so, whether other counsel should be appointed to represent him, and if so, the name, address, and State Bar of Texas identification number of counsel appointed.

3. Additional orders are needed to ensure the diligent pursuit of appellant's appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. In addition, the trial court shall cause a transcription of the hearing to be prepared and included in a supplemental reporter's record. The supplemental clerk's and reporter's records shall be submitted to the clerk of this court not later than August 23, 1999.

It is so ordered.

Per Curiam

Do not publish.